UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| FRANCIS SCHAEFER, III | CIVIL ACTION NO. 6:11-cv-00808 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| ROYAL PRODUCTION COMPANY, INC. | BY CONSENT OF THE PARTIES |

### MEMORANDUM RULING

Pending before the Court is the motion for summary judgment (Rec. Doc. 19), which was filed by the defendant, Royal Production Company, Inc. The motion is opposed. (Rec. Doc. 23). For the reasons fully explained below, the motion is GRANTED, and the plaintiff's claims are DISMISSED WITH PREJUDICE.

### BACKGROUND

At all times relevant to this lawsuit, Royal operated an oil and gas production facility in Broussard, Louisiana. Saltwater is produced as a natural byproduct of the oil and gas production.[1] This saltwater is temporarily stored in a holding tank on the premises. Royal entered into a Master Service Agreement with Bourque Vacuum Service, Inc. and Kenneth Bourque Trucking, Inc. (collectively "Bourque") on July

---

[1] Rec. Doc. 19-4 at 2.

24, 2006 ("the MSA").[2]  Pursuant to the MSA, Bourque gathers the accumulated saltwater at Royal's production site and transports it to an offsite location for disposal.  At the time of the accident on which this lawsuit is based, the plaintiff, Francis Schaefer, III, was employed by Bourque as a vacuum tank truck driver. Pursuant to his employment duties, Mr. Schaefer would periodically drain the saltwater from the holding tank at Royal's facility using the vacuum tank truck, measure the level of any residual saltwater in the tank using a gauging device, and then deliver the saltwater to a saltwater disposal facility.

Mr. Schaefer allegedly arrived at Royal's facility on April 18, 2010 and successfully drained and gauged the saltwater holding tank, which required him to climb a set of stairs.  Mr. Schaefer claims that, as he descended the staircase, he slipped because the steps were defective, slippery with oil, or bent. He further alleges that he attempted to grab the handrails to break his fall but tumbled down the steps because the handrails were defective and not properly secured.  He alleges that this incident resulted in personal injuries for which he seeks to recover in this lawsuit.

In its motion for summary judgment, Royal seeks to avoid liability for Mr. Schaefer's alleged damages.

---

[2]     A copy of the MSA is in the record at Rec. Doc. 19-5.

## ANALYSIS

Royal seeks summary judgment in its favor and dismissal of Mr. Schaefer's claims against it, arguing that Royal was Mr. Schaefer's statutory employer within the contemplation of La. R.S. 23:1061 at the time of the accident, immunizing Royal from liability and limiting Mr. Schaefer's recovery to that available under Louisiana's workers' compensation laws. Mr. Schaefer opposes the motion, arguing that the work he was performing at the time of the accident was not an integral part of or essential to Royal's ability to generate its goods, products, and services and that he, consequently, was not Royal's statutory employee.

### A. THE STANDARD FOR ANALYZING A MOTION FOR SUMMARY JUDGMENT

The defendants seek summary judgment in their favor. Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law.[3] A genuine

---

[3] *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (*per curiam*), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

issue of material fact exists if a reasonable jury could render a verdict in favor of the nonmoving party.[4]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact.[5] If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact.[6] All facts and inferences are construed in the light most favorable to the nonmoving party.[7]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim.[8] The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[9]

---

[4] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252; *Hamilton v. Segue Software, Inc.*, 232 F.3d at 477.

[5] *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[6] *Washburn v. Harvey*, 504 F.3d at 508.

[7] *Lewis v. Univ. of Tex. Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011).

[8] *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008), citing *Celotex Corp. v. Catrett*, 477 U.S. at 325.

[9] *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## B.  ROYAL WAS MR. SCHAEFER'S STATUTORY EMPLOYER

Under Louisiana's Workers' Compensation Act, an employee injured in the course and scope of his employment due to his employer's or coworker's negligence cannot sue his employer in tort but is instead limited to receiving workers' compensation benefits.[10] The exclusivity provision of the state's workers' compensation law applies not only to the direct employee-employer relationship but also to the statutory employer-employee relationship.[11]

The statutory employee-employer relationship is governed by La. R.S. 23:1061, which sets forth two ways in which a statutory employment relationship can be created. First, in a situation that is not relevant to this lawsuit, a statutory employment relationship is created when the work provided by the employee's immediate employer is contemplated by or included in a contract between a principal and a third party.[12] Second, a statutory employment relationship is created when (a) there is a written contract between the principal and a contractor that recognizes the

---

[10]   La. R.S. 23:1032.

[11]   La. R.S. 23:1061(A)(1) (when any "principal" . . . undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person . . . for the execution . . . of the whole any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032. . . .)

[12]   La. R.S. 23:1061(A)(2).

principal as the statutory employer of the contractor's direct employees,[13] and (b) the work performed by the contractor is part of the principal's trade, business, or occupation.[14] Work is considered to be a part of the principal's trade, business, or occupation "if it is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services."[15]

It is this latter type of statutory employment that is at issue in this case. Royal argues that the work being performed by Mr. Schaefer on the date of the alleged accident was, as contemplated by the contract between Royal and Bourque, an integral part of and essential to Royal's ability to produce oil and gas from its Broussard, Louisiana facility, making Mr. Schaefer Royal's statutory employee and shielding Royal from tort liability.

The statutory employment statute provides that when a contract recognizes the existence of a statutory employee-employer relationship, a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees is created.[16] Under the express language of the statute, the presumption of statutory employment "may be overcome only by showing that the work is not an

---

[13] La. R.S. 23:1061(A)(3).

[14] La. R.S. 23:1061(A)(1).

[15] La. R.S. 23:1061(A)(1).

[16] La. R.S. 23:1061(A)(3).

integral part of or essential to the ability of the principal to generate that individual's goods, products, or services."[17]

Many Louisiana courts have stated that whether a statutory employment relationship exists is a question of law to be determined by the court,[18] although the better course might be to characterize the issue as a mixed question of fact and law.[19]

In this case, the MSA between Royal and Bourque contains language addressing statutory employment. It reads as follows:

> In all cases where Contractor's [Bourque's] employees . . . are covered by the Louisiana Workers' Compensation Act, La. R.S. 23:1020 *et seq*., Company [Royal] and Contractor [Bourque] agree that **all Work performed by Contractor [Bourque] and its employees pursuant to the Agreement are an integral part of, and are essential to, the ability of Company [Royal] to generate Company [Royal's] good, products and services for purposes of La. R.S. 23:1061(A)(1) and that Company [Royal] is entitled to the protections afforded a statutory employer under Louisiana law**. Irrespective of Company's [Royal's] status as the statutory employer . . . Contractor [Bourque] and its insurers shall remain primarily responsible for the payment of Louisiana workers' compensation benefits to its employees and shall

---

[17] La. R.S. 23:1061(A)(3).

[18] See, e.g., *Ramos v. Tulane University of Louisiana*, 2006-0487 (La. App. 4 Cir. 01/31/2007), 951 So.2d 1267, 1269.

[19] *Dominio v. Folger Coffee Co.*, 2009-1278 (La. App. 4 Cir. 02/10/10), 32 So.3d 955, 961, *writ denied*, 2010-0570 (La. 05/21/10), 36 So. 3d 232 ("The issue of statutory employment status is a mixed question of law and fact. William E. Crawford, 12 La. Civil Law Treatise, Tort Law § 27:51 (2d ed.2009).")

> not be entitled to seek indemnification or contribution, nor co-insurance for any such payments from Company [Royal] or its insurers.[20]

This language clearly satisfies the statutory requirement of a contract recognizing a statutory employer relationship. Therefore, there is a rebuttable presumption that Mr. Schaefer was Royal's statutory employee.

Mr. Schaefer argues that the presumption of statutory employment is rebutted in this case because the work that he performed was neither an integral part of nor essential to Royal's ability to generate its products. He claims that saltwater was not the primary product generated by Royal and that the saltwater removed from Royal's oil and gas production area only after the oil or gas had already been produced. He therefore argues that removal of the saltwater was not necessary to Royal's ability to generate its goods, products, or services. He presents no statutory or jurisprudential support for this argument.

A similar argument was presented to the Fifth Circuit Court of Appeals many years ago. There, the district court had granted summary judgment in favor of defendant Texaco, Inc. and its insurer, after finding that the plaintiff, Harold Duhon, was Texaco's statutory employee under Louisiana's workers' compensation laws. The Fifth Circuit affirmed that decision, stating:

---

[20] Rec. Doc. 19-5 at 1 [emphasis added].

> There was no disputed issue of material fact as to the activity in which Duhon was engaged being so related to Texaco's business as to be considered an essential part thereof. Duhon's activity was that of removing salt water produced during oil and gas production at a Texaco well site for the purpose of hauling the salt water to a disposal point. Neither do we find a disputed issue of material fact as to Texaco being a principal and Duhon's employer being an independent contractor in connection with the activity as distinguished from a vendor-vendee relationship.[21]

Similarly, a Louisiana federal district court held that the removal of wastewater from a chemical plant is work that is integral to the plant's operation and therefore was an integral part of or essential to the defendant's trade, business, or occupation.[22]

Both of the cited decisions were rendered before the relevant statute was revised in 1997. The 1997 amendments to the statutory employment statute have consistently been interpreted as establishing a more liberal standard for determining statutory employer status than was employed from 1989 to 1996.[23] Therefore, these cases present reliable guideposts for the decision of the issue presented here.

---

[21] *Duhon v. Texaco, Inc.*, 490 F.2d 91, 91-92 (5th Cir. 1974) (*per curiam*).

[22] *Clark v. Exxon Corp.*, 867 F.Supp. 440, 443 (M.D. La. 1994).

[23] See *Everett v. Rubicon, Inc.*, 2004-CA-1988 (La. App. 1 Cir. 06/14/06), 938 So.2d 1032, 1034-41, *writ denied*, 2006-1785 (La. 10/13/06), 939 So. 2d 369, which provides a history of the courts' interpretation of the statutory employer statute.

In this case, Royal established that saltwater is a byproduct of its production of oil and gas.[24] Thus, oil and gas are not produced unless the saltwater is also produced. Additionally, in order to continue producing oil and gas, Royal must have a means of temporarily containing and then permanently disposing of the saltwater. Consequently, the Court finds that the work that Bourque performs is both an integral part of and essential to Royal's production of oil and gas. The Court further finds that Mr. Schaefer has not satisfied his burden of proving that the activity at issue was not an integral part of or essential to the generation of Royal's goods, products, or services. Since the presumption of statutory employment status was not rebutted, the Court holds that Mr. Schaefer was Royal's statutory employee at the time of the alleged accident. Because Mr. Schaefer was Royal's statutory employee, the Court further holds that Royal is immune from tort liability in connection with Mr. Schaefer's alleged accident.

## CONCLUSION

With regard to the pending motion for summary judgment (Rec. Doc. 19), the relevant facts are undisputed, but the parties dispute the legal conclusion to be drawn from those facts. Based upon the evidence presented, the Court finds that the contract

---

[24] Rec. Doc. 19-4 at 2.

between Royal and Bourque creates a rebuttable presumption that Mr. Schaefer was Royal's statutory employee, and further finds that Mr. Schaefer did not rebut that presumption.  Accordingly, the Court finds that Royal was Mr. Schaefer's statutory employer at the time of the alleged accident and that Royal is immune from tort liability with regard to Mr. Schaefer's alleged accident.  Royal's motion for summary judgment (Rec. Doc. 19) is GRANTED, and Mr. Schaefer's claims against Royal are DISMISSED WITH PREJUDICE.

Signed at Lafayette, Louisiana, on April 19, 2012.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE